SANDRA J. PATTON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Patton v. Commissioner
Docket No. 17771-83.
United States Tax Court
T.C. Memo 1987-135; 1987 Tax Ct. Memo LEXIS 137; 53 T.C.M. (CCH) 349; T.C.M. (RIA) 87135; March 16, 1987. Howard L. Prescott, and Marc R. Levine, for the petitioner. Phoebe L. Tang, for the respondent. CLAPP
MEMORANDUM FINDINGS OF FACT AND OPINION CLAPP, Judge: Respondent determined deficiencies in petitioner's 1979 and 1980 Federal income taxes in the amounts of $8,990 and $13,884, respectively. The issues for decision are: 1) whether payments, which petitioner received from David Patton, constitute alimony or child support; 2) whether petitioner is entitled to a moving expense deduction; [1] and 3) whether petitioner is entitled to "income average" on her 1979 or 1980 Federal income tax returns. For convenience, we have combined our findings of fact and opinion by issues. Some of the facts have been stipulated and are found accordingly. The stipulation of facts and the attached exhibits are incorporated by this reference. *139 Alimony/Child Support Paid to Petitioner
FINDINGS OF FACT Petitioner and David Patton were married on October 21, 1955 and had four children from their marriage. On September 25, 1975, petitioner and David Patton entered into a written Separation Agreement which stated, inter alia, the following: 4. It is understood and agreed that the husband will pay to the wife for the support and maintenance of wife and the minor children, that sum as is paid as income by the trustee under a trust established by Annie W. Patton. It is understood that the income so paid by the trustee fluctuates between $1,700.00 and $4,000.00 per month. Husband hereby assigns to wife and releases unto wife, all his rights and interest in and to said payments of income from the said trust. If for any reason said income cannot be assigned or said payments are not received by wife pursuant to this Agreement, husband shall directly pay to wife at least the sum of $1,700.00 or whatever sum is received from said trust, whichever is greater. The said support shall be paid until all the children have graduated from college or each reach[es] the age of twenty-one (21), whichever occurs last, notwithstanding *140 the remarriage of the wife. Once all the children have graduated from college or each reach the age of twenty-one (21), whichever occurs last, the wife shall then receive $1,000.00 per month if she is not remarried. * * * On July 12, 1976, the District Court of Moore County, North Carolina granted petitioner an absolute divorce from David Patton. The district court's judgment incorporated into its decree the terms and provisions of the separation agreement. OPINION During the years in issue, sections 71(a) and (b) [2] provided that amounts, which a divorce decree or separation agreement fixes as child support, are not includible in gross income. [3] The payments, however, are treated as alimony unless the decree or agreement specifically states the amounts or parts thereof allocable to the support of the children. Commissioner v. Lester,366 U.S. 299 (1961). The agreement must expressly specify or 'fix' a sum certain or percentage of the payment for child support before any of the payment is excluded from the [payee's] income. The statutory requirement is strict and carefully worded. It does not say that 'a sufficiently clear purpose' on the part of the *141 parties is sufficient to shift the tax. It says that the 'written instrument' must 'fix' that 'portion of the payment' which is to go to the support of the children. * * * [Commissioner v. Lester,supra at 303.] Petitioner contends that the separation agreement specifies that $1,700 or more is for child support and that she is not entitled to any alimony until "all the children have graduated from college or each reach the age of twenty-one (21), whichever occurs last, notwithstanding the remarriage of the wife." Petitioner argues alternatively that she received only $1,000 per month as alimony. Respondent contends that the separation agreement does not specifically fix the amount of child support, and therefore the entire amount of the payments is alimony. The separation agreement specifies that David Patton was to pay to petitioner an amount for support and maintenance of petitioner and *142 the minor children, until all the children graduated from college or each reached the age of 21, whichever occurs last and, that thereafter, he was to pay to petitioner $1,000 per month if she was not remarried. The agreement specifies only the time period during which David Patton was to pay petitioner. The agreement does not specifically fix the amount of child support. The amount paid depends upon the income from the trust and it is for petitioner and the minor children without allocation. Although a reasonable inference may be that part of the payments is for child support and part is for alimony, such an inference does not satisfy the test which the Supreme Court enunciated in Commissioner v. Lester,supra.
Moving Expense Deduction
FINDINGS OF FACT Petitioner, a licensed vocational nurse who is trained in emergency room care, worked for approximately five months during 1980 at a North Carolina medical personnel pool as a full-time private duty nurse. In October 1980, petitioner moved from Southern Pines, North Carolina to San Juan Capistrano, California. In November 1980, petitioner enrolled in an Orange County, California medical *143 personnel pool (the California pool), a nursing registry that facilitates the employment of nurses with hospitals that, or physicians who, need temporary help. The California pool does not guarantee a nurse a certain number of days or hours of employment and does not compensate a nurse unless she works. During November through December 1980, the California pool did not call petitioner, and petitioner performed no nursing services. During the period March 1, 1981 to the present, the Lindora Medical Clinic employed petitioner on a full-time basis. OPINION Section 217(a) provides that a taxpayer may deduct moving expenses paid or incurred in connection with the commencement of work by the taxpayer as an employee or as a self-employed individual at a new principal place of work. Section 217(c) provides, inter alia, that a deduction shall not be allowed unless the taxpayer is a full-time employee in the new location for at least 39 weeks of the 12-month period immediately following the taxpayer's arrival at the new location. Section 1.217-2(c)(4)(iv)(a), Income Tax Regs., provides: (a) Whether an employee is a full-time employee during any particular week depends upon the customary *144 practices of the occupation in the geographic area in which the taxpayer works. * * * Petitioner contends that the California pool employed her full time from November 1980 to March 1, 1981. Respondent contends that the California pool did not employ petitioner full time, and, therefore, petitioner did not satisfy the 39-week requirement of section 217(c). Respondent also contends that even if petitioner satisfies the 39-week requirement, she nonetheless overstated the amount of said deduction. In the present case, petitioner notes that she testified that "* * * the [customary] way to get a job [in a] hospital in California is through a private duty medical personnel pool." This testimony establishes the customary method in which one may obtain a nursing job; it does not establish that petitioner was a full-time employee. Furthermore, the California pool only facilitates a nurse's employment with hospitals that, or physicians who, need temporary help; it does not guarantee a nurse a fixed number of days or hours of employment. Although petitioner was formally registered with the California pool during November through December 1980, she did not receive a single call from *145 said pool or work a single hour providing nursing services. Finally, the record does not establish whether petitioner provided her services during the period January 1, 1981 to March 1, 1981. Based on the record before us, we hold that petitioner was not a full-time employee during the period October 1980 to March 1, 1981. Accordingly, the 39-week test is not satisfied, and we need not address respondent's alternative argument. Income Averaging
FINDINGS OF FACT Petitioner claimed in her petition that "Income averaging was not allowed to the taxpayer." She, however, did not raise this issue at trial or on brief, and other than her 1979 and 1980 Federal income tax returns, the record contains no evidence with respect to this issue. OPINION The burden of proof is on petitioner to establish that she is entitled to "income average." Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. The record does not contain sufficient evidence to establish petitioner's entitlement to income averaging. See section 1301. Accordingly, petitioner has not met her burden of proof. See Welch v. Helvering,supra. *146 Decision will be entered for the respondent.
Footnotes
1. The resolution of issues 1 and 2 will resolve the issues of whether petitioner is entitled to a medical expense deduction or an earned income credit.↩
2. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended. ↩
3. The Tax Reform Act of 1984 changed the law with respect to alimony and child support. See sec. 71, as amended by sec. 422(a), Tax Reform Act of 1984.↩